Argued and submitted March 13, reversed and remanded for proceedings
August 5, 1992

In the Matter of
Andrew Aber Harkness, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF BAKER COUNTY,
*Respondent,*

*v.*

Andrew Aber HARKNESS,
*Appellant.*

(J-2834-B, C, D & E; CA A68255)

836 P2d 144

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

Deits, J., dissenting.

## RICHARDSON, P. J.

Child appeals from the juvenile court's dispositional order relating to four acts that he committed which, if committed by an adult, would constitute crimes. Although four separate petitions invoking the juvenile court's jurisdiction are adjudicated in the order, child's assignment pertains to only one of them, which alleged that he had committed criminal mischief in the second degree. ORS 164.354(1). Child contends that the court erred by denying his motion to dismiss that petition, because he and the juvenile department had entered into an informal disposition agreement pursuant to ORS 419.630 *et seq* arising out of the conduct charged in the petition. The agreement was executed more than six months before the petition was filed, and it was neither revoked, modified nor extended. Therefore, child argues, it had expired and the subsequent petition was barred.

■ The agreement was not produced at the hearing, and no evidence or representations were presented about many of its terms. However, both parties agreed at the hearing that an agreement existed. Child's appellate counsel represents that he has examined the juvenile file and could not find a written agreement. The state responds that child has failed to establish the "predicate facts" for his argument, *e.g.*, the date of the agreement and its terms.[1] That argument seems to us to place the shoe on the wrong foot. Under ORS 419.640(7) and (9), the agreement was required to be "executed in writing" and made "part of the child's juvenile department record." Child cannot be deprived of benefits of the agreement — or at least cannot be assigned the burden of proving what the benefits and burdens are — by reason of department's failure to perform its statutory responsibility to assure that the agreement and its terms can be located. Therefore, if child's legal argument is correct, a remand is necessary to establish the facts concerning the agreement, along with all other relevant facts.

---

[1] Because the express and implied representations of counsel at both levels are consistent, we accept all of them in our analysis. We emphasize, however, that the trial court must decide the relevant factual questions on remand.

ORS 419.630 provides:

"An informal disposition agreement may be entered into when a child has been referred to a county juvenile department, and a juvenile department counselor has probable cause to believe that the child may be found to be within the jurisdiction of the juvenile court for one or more of the acts specified in ORS 419.476 (1)(a), (b) or (f) or 419.476 (1)(c) when the child's own behavior is such as to endanger the child's welfare or the welfare of others."

ORS 419.635(1) provides:

"An informal disposition agreement is a voluntary contract between a child described in ORS 419.630 and a juvenile department whereby the child agrees to fulfill certain conditions in exchange for not having a petition filed against the child."

ORS 419.640 provides, as relevant:

"An informal disposition agreement shall:

"(1) Be completed within a period of time not to exceed six months;

"* * * * *

"(3) Be revocable by the child at any time by a written revocation;

"(4) Be revocable by the juvenile department in the event the department has reasonable cause to believe the child has failed to carry out the terms of the informal disposition agreement or has committed a subsequent offense;

"* * * * *

"(8) Be signed by the juvenile department, the child, the child's parent or parents or legal guardian, and the child's counsel, if any * * *."

Under ORS 419.645,

"[i]f an informal disposition agreement is revoked pursuant to ORS 419.640(3) or (4), the juvenile department shall either extend the agreement pursuant to ORS 419.650 or file a petition with the juvenile court, and an adjudicatory hearing may be held."

ORS 419.650 provides:

"If the juvenile department has reasonable cause to believe that the child has failed to carry out the terms of the

informal disposition agreement or has committed a subsequent offense, in lieu of revoking the agreement, the department may modify the terms of the agreement and extend the period of the agreement for an additional six months from the date on which the modification was made with the consent of the child and the child's counsel, if any.''

At the hearing, there was no evidence, as such, relating to the agreement and the parties' activities in connection with it. A representative of the juvenile department was present and he represented to the court that, although child had not ''completed'' the agreement within six months,[2] the department had taken no formal action to modify, extend or — implicitly — revoke the agreement. The representative explained that department was backlogged and had to ''deal with the most severe cases first.'' He expressed the view that, ''because we have not formally closed [the agreement], it was automatically extended.''

Child disagrees. He interprets the statutory scheme to mean that, if an agreement is entered into and is not revoked or formally modified or extended within six months after the date of its execution, no petition may ever be filed concerning the conduct that gave rise to the agreement. The state responds:

"[U]nder child's interpretation of [the] statute, inaction by the juvenile department would result in the child receiving the benefit of the bargain (no petition filed — no adjudication on 'criminal' charges) without the child fulfilling his portion of the agreement.''

To avoid that result, the state urges us to construe ORS 419.650 as allowing a modification or extension without a formal writing, if the child's and his attorney's consent is obtained.[3]

The trial court took a third view. It indicated that a petition may not be filed while an agreement is in effect, but

---

[2] No details were offered. We note that the acts alleged in the other petitions occurred more than six months after the agreement was executed.

[3] The state points out, correctly, that there is nothing in the record to indicate that child did — or did not — consent. The state also argues that we should interpret the revocation provision of the statutes to apply here. However, as the record now stands, it shows that the department did not invoke that provision, but rather thought that it was extending the agreement.

that a juvenile department's "choice of an agreement" is not "an indelible choice" and a petition may be filed after an agreement expires, whether or not it has been modified, extended or revoked.

■     The trial court's reasoning sweeps far too widely. Under it, a child would be subject to a petition after completing and complying with an agreement. That would be contrary to ORS 419.635(1), which provides that the *quid pro quo* for the child's fulfilling the conditions of an agreement is that a petition will not be filed against the child. The closer question is whether a petition may be filed against a child after the conclusion of an agreement with which he has not complied, notwithstanding that the agreement was not revoked, extended or modified. We conclude that the answer to that question is also no.

ORS 419.645 specifies that a petition shall be filed if an agreement is revoked, unless the agreement is extended or modified. Although the statute does not expressly say that those are the *exclusive* circumstances under which a petition may be filed when there has been an agreement, the clear objective of the statutory scheme is to create an alternative system for dealing with juvenile offenders that serves as a substitute for the usual petition and juvenile court adjudication procedure. The system is self-contained: An agreement may last for six months and may be revoked or extended within that time; nothing in the statutes suggests that a child may be subject to a petition if a juvenile department makes an after-the-fact determination of non-compliance with an agreement that has expired. After an agreement has been consummated under ORS 419.630 *et seq*, the juvenile department may bring a child back into the adjudicative system only through the procedures and under the circumstances that those statutes provide.

■     The state's argument that the agreement in this case *was* extended remains to be addressed. The argument turns on whether an extension or modification under ORS 419.650 can be effected without a writing. ORS 419.640(7) and (8) require the original agreement to be in writing and to be signed by the child, among others. ORS 419.650, which requires the child's consent and which authorizes changes in

material terms of the agreement, cannot be construed to contemplate less formality.

We agree with child's interpretation of the statutes. If all of the facts are as he posits them, the court does not have jurisdiction over the conduct described in the petition. However, the facts must be determined on remand. If the court finds that it does have jurisdiction, it may reenter the order. If the court reaches the opposite conclusion, it will dismiss the petition, reconsider the disposition of the remaining petitions and enter a new order.

Reversed and remanded for proceedings not inconsistent with this opinion.

**DEITS, J.,** dissenting.

Even though child failed to fulfill the terms of his agreement with the juvenile department, the majority concludes that, because the department did not formally extend or revoke the agreement within the six months that child had to complete it, the state is forever barred from filing a petition on the conduct covered by the agreement. The statutes do not require that we reach that conclusion, and I would not.

The question that this case presents, that is not directly answered by the statutes, is what happens when the time for the completion of the child's obligations under the informal disposition agreement passes, the child has not complied with the agreement, and it has not been modified, extended[1] or revoked.

The majority takes the position that the agreement lasts for six months and that any revocation or extension of it must be within the six months. It goes on to conclude that, if the juvenile department does not act within that period, it loses the ability to take any action against the child, even if the child does not do what was supposed to have been done under the agreement. The statute does not say that, and there is no indication in the legislative record that that was the legislature's intent. ORS 419.635 provides that an informal disposition agreement is a voluntary contract between the child and the juvenile department whereby the child "agrees

---

[1] I agree with the majority that the agreement was not extended, because there is no evidence that child consented to the extension as required by ORS 419.650.

to fulfill certain conditions in exchange for not having a petition filed against the child." In the measure analysis prepared for the House Judiciary Committee, legal counsel for the committee explained:

> "When such an arrangement is made, the child agrees to abide by its terms and the counselor agrees not to file a petition *for the duration of the agreement* which may be up to 6 months." (Emphasis supplied.)

In my view, child and department entered into an agreement, child failed to comply with it and, as child acknowledges, it has now expired. The state may now follow the usual process of filing a petition for juvenile court jurisdiction of child. In reaching its conclusion, the majority reasons that

> "the clear objective of the statutory scheme is to create an alternative system for dealing with juvenile offenders that serves as a substitute for the usual petition and juvenile court adjudication procedure." 114 Or App at 445.

I agree that the statutes do create an alternative process. However, I find nothing in the statutes that says that, once the alternative process fails, a child may not be subject to the usual petition and juvenile court adjudication process. It makes no sense to conclude that, because there are statutory procedures for revocation, extension, modification and filing a petition while the informal disposition agreement is in effect, the juvenile department remains obligated by the terms of the agreement once it has expired and child has not completed the obligations under the agreement.

I would hold that the juvenile court properly refused to dismiss the petition for jurisdiction.